UNITED STATES DISTRICT COURT

SOUTHERN DISTRICT OF CALIFORNIA

| | |
|---|---|
| VICTORIA FAMILY LIMITED LIABILITY LIMITED PARTNERSHIP,<br><br>Plaintiff,<br><br>v.<br><br>OHIO SECURITY INSURANCE COMPANY and LIBERTY MUTUAL INSURANCE COMPANY,<br><br>Defendants. | Case No.: 19-CV-2159-CAB-WVG<br><br>**ORDER ON MOTION TO DISMISS FIRST AMENDED COMPLAINT**<br><br>[Doc. No. 15] |

This matter is before the Court on a motion to dismiss the first amended complaint ("FAC") filed by Defendant Liberty Mutual Insurance Company ("LMIC"). The motion has been fully briefed, and the Court deems it suitable for submission without oral argument. For the following reasons, the motion is granted.

**I.    Allegations in the FAC**

The FAC alleges that Plaintiff had an insurance policy for the period of May 20, 2018 to May 20, 2019 (the "Policy") that covered damage to certain real property in San Diego, California. On December 28, 2018, the insured property allegedly suffered water damage in excess of $100,000 caused by a malfunctioning toilet. Plaintiff received a payment of $25,000 for coverage under the Policy, but it alleges that it is entitled under the Policy to coverage for the full amount of the water damage.

Plaintiff alleges that "Defendants," referring to both LMIC and Defendant Ohio Security Insurance Company ("OSIC"), which is not a party to this motion, provided

insurance coverage under the Policy and that both parties are liable for breach of the Policy for not paying for the full amount of the water damage. The FAC does not attach the Policy itself, but it specifically references a copy of the Policy already in the record in this case and incorporates certain terms of that document into the FAC. That Policy, including some of the specific pages referenced in the FAC, states that coverage is provided in OSIC. The FAC does not identify any reference to the entity LMIC in the Policy. Some pages of the Policy, however, contain a logo including the words "Liberty Mutual Insurance" in the top left corner.

## II. Legal Standards

The familiar standards on a motion to dismiss apply here. To survive a motion to dismiss under Rule 12(b)(6), "a complaint must contain sufficient factual matter, accepted as true, to 'state a claim to relief that is plausible on its face.'" *Ashcroft v. Iqbal*, 556 U.S. 662, 678 (2009) (quoting *Bell Atlantic Corp. v. Twombly*, 550 U.S. 544, 570 (2007)). Thus, the Court "accept[s] factual allegations in the complaint as true and construe[s] the pleadings in the light most favorable to the nonmoving party." *Manzarek v. St. Paul Fire & Marine Ins. Co.*, 519 F.3d 1025, 1031 (9th Cir. 2008). On the other hand, the Court is "not bound to accept as true a legal conclusion couched as a factual allegation." *Iqbal*, 556 U.S. at 678 (quoting *Twombly*, 550 U.S. at 555). Nor is the Court "required to accept as true allegations that contradict exhibits attached to the Complaint or matters properly subject to judicial notice, or allegations that are merely conclusory, unwarranted deductions of fact, or unreasonable inferences." *Daniels-Hall v. Nat'l Educ. Ass'n*, 629 F.3d 992, 998 (9th Cir. 2010). "In sum, for a complaint to survive a motion to dismiss, the non-conclusory factual content, and reasonable inferences from that content, must be plausibly suggestive of a claim entitling the plaintiff to relief." *Moss v. U.S. Secret Serv.*, 572 F.3d 962, 969 (9th Cir. 2009) (quotation marks omitted).

## III. Discussion

LMIC moves to dismiss the FAC because LMIC is not a party to the Policy. In considering this motion, the Court is permitted to consider the entirety of the Policy itself,

which the FAC specifically identifies in the record and incorporates by reference. *See Knievel v. ESPN*, 393 F.3d 1068, 1076 (9th Cir. 2005) (noting that consideration of documents outside of a complaint "is permissible under 'incorporation by reference' doctrine, which permits [a court] to take into account documents whose contents are alleged in a complaint and whose authenticity no party questions, but which are not physically attached to the plaintiff's pleading.") (internal quotation marks and brackets omitted).

In opposition to the motion, Plaintiff argues that the FAC contains sufficient allegations that LMIC is party to the Policy to survive a motion to dismiss. The opposition also includes a renewal notice for the Policy that includes the Liberty Mutual Insurance logo and instructs that payment should be made to "Liberty Mutual Insurance."[1] Plaintiff's argument and additional evidence do not overcome the instant motion to dismiss. Although this case is only at the motion to dismiss stage, the Policy language leads to the same outcome as a recent Nevada district court case where a plaintiff sued both LMIC and OSIC, and the court granted summary judgment for LMIC, holding: "The evidence shows Ohio Security was the contracting party. ECF No. 43-16 at 3 (contract identifying that coverage is provided by Ohio Security). Although there is a "Liberty Mutual Insurance" logo on the policy, there is no evidence that this means the entity Liberty Mutual Insurance Company was a party to the contract." *Primack v. Ohio Sec. Ins. Co.*, No. 218CV00561APGNJK, 2019 WL 5963981, at *2 (D. Nev. Nov. 13, 2019). Here, there are no plausible allegations that notwithstanding the Policy language itself, LMIC is a party to the contract. Accordingly, LMIC is entitled to dismissal of the claims against LMIC in the FAC.

Moreover, the allegations that Plaintiff requests leave to assert in a second amended complaint (*see* Doc. No. 17 at 10.) would not remedy the defects in the FAC in light of the

---

[1] LMIC correctly points out in its reply that Plaintiff's reliance on the renewal notice is improper because it does not relate to any allegations in the FAC. Even considering the renewal notice, however, neither the FAC nor any subsequent amendments that include allegations related to the notice can survive a motion to dismiss in light of the Policy itself.

Policy itself. The only claims in the FAC are for breach of contract and breach of the covenant of good faith and fair dealing. "It is well established that, under California law, only a party to an insurance contract may be held liable for breach of contract or for breach of the implied covenant of good faith and fair dealing." *Jones v. AIG Risk Mgmt., Inc.*, 726 F. Supp. 2d 1049, 1054 (N.D. Cal. 2010) (citing *Gruenberg v. Aetna Ins. Co.*, 9 Cal.3d 566, 576 (1973)). LMIC is not a party to the Policy based on the Policy itself, and the additional facts sought to be added by Plaintiff do not plausibly allege otherwise.

**IV. Conclusion**

In light of the foregoing, LMIC's motion to dismiss is **GRANTED**, and the claims against LMIC are **DISMISSED**. Although this dismissal is without prejudice, any motion for leave to file an amended complaint to reassert claims against LMIC based on the additional allegations listed in the opposition (i.e., the invoice from and payment to "Liberty Mutual Insurance") will be denied. Plaintiff may proceed with its claims against OSIC. If, based on the underwriting file that OSIC will produce with its initial disclosures,[2] Plaintiff discovers additional evidence that it believes supports a new theory of LMIC's liability for coverage under the Policy, the Court will consider a motion for leave to file a second amended complaint.

It is **SO ORDERED**.

Dated: January 23, 2020

Hon. Cathy Ann Bencivengo
United States District Judge

---

[2] *See* Docket No. 15-7 at 2 (OSIC agreeing to produce the underwriting file to Plaintiff with its initial disclosures).

4

19-CV-2159-CAB-WVG